UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL NEWMAN,

    Plaintiff,

v.

TOWNSHIP OF HAMBURG, ET AL.,

    Defendants.

_____/

Case No. 12-10258

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

### ORDER DENYING DEFENDANTS' MOTION FOR RECUSAL [10]

Before the Court is Defendants' Motion for Recusal [10], filed on June 11, 2012. Plaintiff filed a Response [12] on June 22, 2012. For the reasons stated below, Defendants' Motion for Recusal is DENIED.

28 U.S.C. §§ 144 and 455 govern the disqualification of a judge. A judge shall disqualify himself or herself in "any proceeding in which his impartiality might reasonable be questioned . . . [or] [w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455. This standard "is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)).

Repeatedly ruling against a party does not constitute sufficient grounds to grant a motion for recusal. *See City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980). Similarly, rulings based on "participation in the proceedings or prior contact with related cases," and even "erroneous or atypical rulings" cannot satisfy the requisite showing of prejudice. *Sammons*, 918 F.2d at 599.

Rather, disqualification pursuant to 28 U.S.C. § 455(a) "must be predicated . . . upon extrajudicial conduct rather than on judicial conduct." *City of Cleveland*, 619 F.2d at 578. Such extrajudicial conduct means "personal bias," defined as:

> prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

*Sammons*, 918 F.3d at 599 (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989) (insertions in original)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism . . . ." *Id.*

Defendants first argument related to the court's granting of Plaintiff's petition for habeas corpus in *Newman v. Metrish*, 492 F. Supp. 2d 721 (E.D. Mich. 2007). This grant was upheld by the United States Court of Appeals for the Sixth Circuit. *Newman v. Metrish*, 543 F.3d 793 (6th Cir. 2008). Defendants state that "in his underlying opinions related to the granting of habeas corpus, Judge Tarnow has clearly already developed bias and opinions adverse to the Defendants . . . ." Defendants also state that the court has demonstrated through "several written opinions, his strong opinions on the factual evidence . . . ."

Defendants do not identify any statements or other actions by the court that demonstrate "deep-seated favoritism or antagonism" toward Defendants. Rather, Defendants simply list the past rulings of the court with which Defendants disagree. Disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky*, 510 U.S. at 555-56. As noted above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . opinions formed by the judge on the

basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion" absent deep-seated favoritism or antagonism. *Liteky*, 510 U.S. at 555. Defendants have failed to demonstrate either factor

Defendants next question the court's impartiality based on past employment. Defendants state that the court "has, on prior occasions, consistent with his prior employment with the State Appellate Defender's Office, granted habeas corpus to other criminal defendants." Defendants implication that the court's past employment at the State Appellate Defender's Office, which ended in 1972, renders the court unable to impartially decide habeas corpus petitions or related civil cases is unseemly. Judges come to the bench from diverse backgrounds. Some have worked as prosecutors, some as defense attorneys. Past employment does not, absent evidence of deep-seated antagonism or favoritism, constitute a basis for recusal.

Accordingly, Defendant's Motion for Recusal is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 3, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on July 3, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 3, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182

3